UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

|  |  |
|---|---|
| Michael Anderson, | : |
|  | : |
|  | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
|  | : |
| Nissan Motor Acceptance Corporation, | : **COMPLAINT AND DEMAND** |
|  | : **FOR JURY TRIAL** |
| Defendant. | : |
|  | : |
|  | : |

For this Complaint, Plaintiff, Michael Anderson, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.     Plaintiff, Michael Anderson ("Plaintiff"), is an adult individual residing in Omaha, Nebraska, and is a "person" as defined by 47 U.S.C. § 153(39).

4.     Defendant Nissan Motor Acceptance Corporation ("Nissan"), is a Texas business entity headquartered in Dallas, Texas,  and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.     In 2017, Nissan began calling Plaintiff's cellular telephone.

6.    The calls were placed to Plaintiff's cellular phone, number 402-xxx-4232.

7.    When Plaintiff answered the automated calls, he was met with a period of silence followed by an automated click at which point the call was transferred to a Nissan operator.

8.    The foregoing is indicative of a predictive dialer, an automated telephone dialing system ("ATDS") under the TCPA.

9.    On or around December 7, 2017, Plaintiff spoke with a live representative and requested that all calls to him cease.

10.    In complete disregard of Plaintiff's cease request, Nissan continued to place automated calls to Plaintiff.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

11.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.    At all times mentioned herein, Defendant called Plaintiff on his cellular telephone using ATDS.

13.    In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14.     Defendant's telephone systems have all the earmarks of a predictive dialer.

15.     When Plaintiff answered the phone, he heard silence before Defendant's telephone system would connect him to the next available representative.

16.     Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17.     Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.     As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.     Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2.     Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3.      Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 11, 2018

Respectfully submitted,

By:   */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
Lemberg Law, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff

4